IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

GEORGE CABELL,

      Plaintiff,

v.                            Case No. 5:07-cv-00681

T.R. CRAIG, Warden,
FCI Beckley, CORRECTIONAL
OFFICER LUGOWSKI, and
CORRECTIONAL OFFICER J. MCALLISTER,

      Defendants.


## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  On October 29, 2007, Plaintiff filed this civil action seeking monetary damages from the defendants for the loss of his personal property when he was moved to the Special Housing Unit (the "SHU") at FCI Beckley, West Virginia.  (Docket sheet document # 3).  Pending before the court are Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (# 21), and two Counter-Motions for Summary Judgment filed by Plaintiff (## 24 and 26).[1]

---

[1] These two motions and the memoranda of law in support thereof appear to be identical; however, the second motion does not include the attachments submitted with the first motion.  The

## PLAINTIFF'S COMPLAINT

Plaintiff's Complaint states as follows:

On 8-4-07, at approximately 10:15 AM I was removed from my cell during "count time," when ordered out of the cell I was not given opportunity to secure my locker, however, as it was "count time," the cell was secure. Once taken from the cell, the cell was again secured (by officer) realizing I was going to Special Housing Unit I directly asked Officer Lugowski to "please make sure my radio, headphones, 8 personal novels and commissary all made it into my property box" (Box items are supposed to be placed in when sent to SHU - by officer).  Officer Lugowksi told me that "he would make sure all of my belongings were packed and sent to SHU."  Upon being in the SHU for 7 days I was taken to check and retrieve some items from within my property box.

Officer J. McAllister [sic; McCallister (hereinafter corrected)] (property officer in SHU) directed me to sign the inventory sheet.  Officer [McCallister] told me that in signing the inventory sheet I would be acknowledging the contents of the box and not what I should have in my property.

I informed Officer [McCallister] that my radio, headphones, personal books and other items were missing.  Officer [McCallister] at that time stated to me that I could file a tort claim in reference to the missing items.

I also asked Mr. [McCallister] to call the unit and ask where my belongings were.  He told me that he would be busy.

(# 3 at 4-6).  Plaintiff further alleges that he asked Counselor

Enejee and Pine Unit Manager, Mr. Snow, to find out the whereabouts

of his property, but got no results.  (Id. at 6).  Plaintiff states

---

undersigned is not certain why Plaintiff filed the same motion twice.  However, the undersigned will review both motions and refer to them collectively as "Plaintiff's Counter-Motions for Summary Judgment.

that then he asked Captain Hutchins and Assistant Warden Small to look into his missing property, and was told to file a tort claim. (Id.)

Plaintiff further alleges that he filed a tort claim, which was denied on the basis that he had signed the inventory form, as directed by Officer McCallister.   Plaintiff states that he also filed a BP-9 administrative remedy form, which has gone unanswered. (Id. at 7).   Plaintiff's Complaint further states:

> In as much as inmates here are not given the opportunity to go thru [sic; through] their own property (the property officer gives you what you are allowed to have while in SHU) and you are not given the chance to document what is and isn't in the property box.
>
> The Warden, being made aware of actions taken by officers who misplace or give away or throw away personal items with deliberate indifference to the fact that these items were purchased by inmates and officers routinely "make items dissapear [sic; disappear]" causing inmates to lose out on any level of comfort for revengeful reasons.

(Id.)

## DEFENDANTS' MOTION TO DISMISS

On January 29, 2008, the defendants, by counsel, Stephen M. Horn, Assistant United States Attorney for the Southern District of West Virginia, filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (# 21), asserting the following arguments:

(1) that the United States of America should be substituted as the defendant herein, and that the individual defendants should be

dismissed, as the United States is the only proper defendant in a Federal Tort Claims Act ("FTCA") claim.   28 U.S.C. §§ 1346(b) and 2671-2680;

(2) that the United States has not waived its sovereign immunity for the tort claim alleged by Plaintiff;

(3) that the Complaint is frivolous and should be dismissed under 28 U.S.C. § 1915(e)(2) and (B)(1); and

(4) that Plaintiff has failed to exhaust his administrative remedies, as necessary to bring a claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 288 (1971) (hereinafter "Bivens").

According to the Memorandum of Law in support of Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, on September 18, 2007, Plaintiff filed an administrative tort claim with the Federal Bureau of Prisons (hereinafter "BOP"), seeking damages in the amount of $201.90, for the purported loss of Plaintiff's personal property when he was transferred from the general population to the SHU at FCI Beckley on August 4, 2007. (# 22 at 1-2).  Plaintiff claimed that the missing property consisted of one pair of Koss headphones, one Sony radio, one ½ gallon blue water jug, and 8 urban novels.  (Id., Ex. 1, Attach. A).

The defendants have provided, inter alia, a Declaration from Sharon Wahl, Paralegal for the Beckley Consolidated Legal Center. Ms. Wahl's Declaration states that, in the course of the

4

investigation of Plaintiff's tort claim, another inmate, "Inmate X," whom Defendant has not identified for privacy and protection purposes, was interviewed and stated that another inmate "stole [Plaintiff's] property and sold it before the officer had a chance to get it.  It was not the officer['s] fault it was gone before he had a chance to get it."  (<u>Id.</u>, Ex. 1, ¶¶ 8, 9).  Ms. Wahl's Declaration further asserts that Plaintiff has not exhausted the BOP's regular administrative remedy process concerning this alleged theft.  (<u>Id.</u>, ¶ 11).

On October 4, 2007, the BOP denied the administrative tort claim because Plaintiff's locker was found unsecured at the time he was moved to the SHU, and a review of the "BP 383 Inmate Personal Property Record" completed on August 14, 2007, indicated that Plaintiff signed the form and failed to note any discrepancies in the inventory at that time.  (# 21 at 2; Ex. 1, Attach. B, Administrative Tort Claim Denial Letter).  Section 10(a) of the BP 383 Inmate Personal Property Form states:

> Claim Release: a.  The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form.  The receiving officer certifies receipt, review and disposition of the property by signing below.  The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claims to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that

5

discrepancy.  If the inmate states that there is missing or damaged property, this information should be noted under Comments.

(<u>Id.</u>, Ex. 1, Attach. C).

Defendants Randall Lagowski and Jeffrey McCallister have also provided declarations with their motion.  Defendant Lagowski states that he did not remove any items from Plaintiff's unsecured locker or bunk, other than those listed on the BP 383 form, and that he did not observe or take the items that Plaintiff claims are missing.  (# 21, Ex. 2, ¶¶ 5, 6).  Defendant McCallister states that he has no specific recollection of a conversation with Plaintiff in which Plaintiff indicated that he was missing any personal property, and that it was his normal practice to have documented alleged missing property on the Comments section of the BP 383 form.  (<u>Id.</u>, Ex. 3, ¶¶ 8, 9).

## STANDARD OF REVIEW

The defendants have filed a Motion to Dismiss for Failure to State a Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Supreme Court recently addressed the standard for granting a motion to dismiss in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007).

In <u>Twombly</u>, the Court observed that a motion to dismiss should be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain "enough facts to state a

6

claim to relief that is plausible on its face." Id. at 1968-69 (explaining that the pleading standard set forth in Conley v. Gibson, 355 U.S. 41 (1957) whereby courts look to whether the plaintiff can prove "no set of facts" giving rise to a claim "has earned its retirement"). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.

The Twombly Court further stated that the allegations in the Complaint "must be enough to raise a right to relief above the speculative level . . . ." and that if the allegations "do not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." Id. at 1965-66.

Because the undersigned proposes that Defendants' Motion to Dismiss be granted, the undersigned finds it unnecessary to address the standard for granting summary judgment motions.

## ANALYSIS

Because Plaintiff's Complaint alleges both negligence and deliberate indifference on the part of the defendants, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has alleged both FTCA and Bivens-type claims. Therefore, the undersigned will address each claim and the defendants' arguments for dismissal thereof separately.

A.    **Plaintiff's FTCA Claim.**

To the extent that Plaintiff has alleged a claim of negligence on the part of any of the defendants, all of whom are federal employees, the defendants have asserted that the claim must be brought under the FTCA, and that the United States of America is the proper defendant in such a case.  See Iodice v. United States, 289 F.3d 270, FN 1 (4th Cir. 2002)(United States is the only proper party in an FTCA action); Allgeier v. United States, 909 F.2d 869 (6th Cir. 1990)("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.") (# 22 at 4-5).  Thus, the individual defendants assert that Plaintiff's FTCA claim against them should be dismissed, and the United States be substituted as the proper defendant.  (Id. at 5).

The Defendants' Memorandum of Law further asserts that, although Congress waived the sovereign immunity of the United States under the FTCA to allow suits against the United States for loss of property caused by government employees acting within the scope of their employment, there is an exception to the waiver for "[a]ny claim arising in respect of the assessment or collection of any tax or customs, duty, or the detention of any . . . property by an officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c).  (# 22 at 5).  The Defendants' Memorandum of Law further states:

8

The United States Supreme Court has recently held that § 2680(c) applies to BOP employees and forecloses lawsuits against the United States for the unlawful detention of property. See Ali v. Federal Bureau of Prisons, 522 U.S. ___, 2008 WL 169359 (Jan. 22, 2008). In Ali, the petitioner was a federal prisoner who was transferred from the United States Penitentiary ("USP") Atlanta to USP Big Sandy. The petitioner had two duffle bags containing his personal property that was inventoried, packaged, and shipped from USP Atlanta to USP Big Sandy during his transfer. After the petitioner's property arrived at USP Big Sandy, he noticed several items were missing. The petitioner filed a[n] FTCA claim after his administrative claim was denied. Id. at *2. The district court dismissed the claim based on § 2680(c), and the Eleventh Circuit affirmed the dismissal. Id. at *3. The United States Supreme Court agreed, finding that § 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by any law enforcement officer, including BOP employees. Id. at *7.

Based on the detention of goods exception contained in 28 U.S.C. § 2680(c), the United States has not waived sovereign immunity and this claim must be dismissed. [Footnote omitted].

(Id. at 5-6).

Plaintiff has not challenged the defendants' sovereign immunity argument in his Counter-Motions for Summary Judgment. (## 24 and 26). Rather, Plaintiff's Counter-Motions for Summary Judgment challenge the veracity of the declarations submitted by the defendants and the legitimacy of the BOP's investigation of his tort claim.

First, the undersigned agrees that the United States of America is the only proper defendant in an FTCA case. Therefore, the undersigned proposes that the presiding District Judge substitute the United States of America as the defendant herein and

dismiss the FTCA claim against the individual defendants named in the Complaint.  Furthermore, in accordance with the Supreme Court's ruling in <u>Ali</u>, the undersigned proposes that the presiding District Judge **FIND** that 28 U.S.C. § 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by any law enforcement officers, including BOP employees and, thus, Plaintiff's claim under the FTCA must be dismissed with prejudice.

In light of this proposed finding, the undersigned finds that it is not necessary to address the other issues raised in Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment, concerning Plaintiff's FTCA claim, or the arguments made by Plaintiff concerning the underlying FTCA claim in his Counter-Motions for Summary Judgment.

**B.   Plaintiff's <u>Bivens</u> Claim.**

Plaintiff's Complaint also asserts that "the Warden, being made aware of actions taken by officers who misplace or give away or throw away personal items with deliberate indifference to the fact that these items were purchased by inmates and officers routinely 'make items disappear' causing inmates to lose out on any level of comfort for revengeful reasons." (# 3 at 7).  To the extent that Plaintiff has alleged that the individual defendants have acted with deliberate indifference to a risk of harm to Plaintiff or his property, or that Plaintiff has been denied a right to his property without due process of law, the undersigned

10

construes this claim to have been brought under <u>Bivens</u>, which provides for civil liability of federal officials who violate an individual's constitutional rights.   A <u>Bivens</u> complaint must "allege[] the specific conduct violating the plaintiff's rights, the time and place of that conduct and the identity of the 'responsible officials.'" <u>Preast v. McGill</u>, 65 F. Supp.2d 395, 403 (S.D. W. Va. 1999)(quoting <u>Colburn v. Upper Darby Township</u>, 38 F.2d 663 (3d Cir. 1988)).

Defendants assert that Plaintiff cannot proceed with this claim because he failed to exhaust the available administrative remedies, as required under 42 U.S.C. 1997(e).  Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("the PLRA") states that, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

"Prison conditions" means " . . . conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings."  18 U.S.C. § 3626(g)(2).  A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole,

probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

In Booth v. Churner, 532 U.S. 731 (2001), the Supreme Court of the United States held that exhaustion of administrative remedies is mandatory, regardless of the type of relief sought or offered through the administrative procedures.  Id. at 741.  In Booth, the Court required exhaustion even where the grievance process does not permit the award of money damages, and the prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action.  Id.

In Porter v. Nussle, 534 U.S. 516, 531 (2002), the Court held "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they alleges excessive force or other some wrong."  Not only must a prisoner exhaust his administrative remedies, but he must also do so properly.  Proper exhaustion "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.'"  Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2385 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). [Emphasis in the original.]) That is, a prisoner must complete the administrative process in accordance with the applicable procedural rules of the process, including the deadlines.

12

The Court ruled in Jones v. Bock, 127 S. Ct. 910, 921 (2007), that an inmate's failure to exhaust remedies under the PLRA is an affirmative defense; the inmate need not demonstrate in his complaint that he has exhausted applicable remedies. Jones also held that an inmate does not automatically fail to exhaust when the inmate sues one or more defendants not named in the pertinent grievances. Id., at 923. If a complaint contains claims, some of which have been exhausted, and some of which have not been exhausted, the entire complaint is not dismissed; the court proceeds only on the exhausted claims. Id., at 924-26.

As noted in the Defendants' Memorandum of Law, the BOP has established an administrative remedy process for formal review of an inmate's complaints concerning his confinement. 28 C.F.R. § 542.10 et seq. (# 22 at 12). Defendants' Memorandum of Law describes the process as follows:

> If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form, within 20 calendar days of the date of the occurrence on which the complaint is based. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal, using the appropriate form, to the Regional Director within 20 calendar days of the Warden's response. See 28 C.F.R. § 542.15(a). If the inmate is still not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, located in the Bureau of Prison's Central Office in Washington, D.C., using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. Id. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. See 28 C.F.R. § 542.15(a).

13

(<u>Id.</u>)

As noted above, Sharon Wahl's Declaration states that, aside from his administrative tort claim, Plaintiff did not file any administrative remedies concerning the loss of his property.  (# 21, Ex. 1, ¶ 11 and Attach. E).  Thus, the defendants assert that Plaintiff's <u>Bivens</u> claim must be dismissed under section 1997e(a).

In Plaintiff's Counter-Motions for Summary Judgment, Plaintiff asserts that he "sought to address the issues herein at the institutional level and was thwarted from doing so by the deliberate indifference of the unconcerned staff at FCI Beckley." (# 24 at 1-2; # 26 at 1-2).  Plaintiff further states:

> The defendants' failure to provide this plaintiff with the documentation required to file his issues with the proper authority in a timely fashion (as is required) circumvented this plaintiff and his effort to exhaust his administrative remedies, as revealed by the defendants' deliberate indifference to the information in their possession and with-held from this plaintiff.

(<u>Id.</u> at 2).

Although Plaintiff has attached some documentation concerning administrative remedies he apparently filed while at FCI Beckley (<u>see</u> attachments to document # 24), Plaintiff has not provided any documentation indicating that he attempted to file an administrative remedy specifically concerning the loss of his property on or about August 4, 2007.  Additionally, Plaintiff's administrative tort claim can not be used to satisfy the exhaustion requirement under section 1997e(a) for his constitutional claim.

14

See, *e.g.*, <u>Ramos v. Hawk-Sawyer</u>, 212 Fed. Appx. 77, 78-79 (3d Cir. 2006)(Administrative tort claim did not satisfy administrative exhaustion requirement for Eighth Amendment claim).

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated that he has exhausted the available administrative remedies concerning his claim that the defendants were deliberately indifferent to his loss of property and, thus, his <u>Bivens</u> claim must be dismissed without prejudice under 42 U.S.C. § 1997e(a).

<u>**RECOMMENDATION**</u>

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendants' Motion to Dismiss (# 21-1) and **DENY** Defendants' alternative Motion for Summary Judgment (# 21-2) and Plaintiff's Counter-Motions for Summary Judgment (## 24 and 26).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the

15

portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

July 22, 2008
Date

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge

16